Improve Your Home System et al., Appellant, *v.* Collins.

Argued November 20, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Lewis Earl Weiss,* and with him *Stewart Patterson Clarke,* for appellant.

*William C. Alexander,* for appellee.

Opinion by Henderson, J., December 13, 1928:

The plaintiff caused a judgment to be entered against the defendant on a judgment note dated September 21, 1927, payable one day after date, for $1,071. The judgment was entered on September 27, 1927, and on March 23, 1928, application was made to the court by the defendant to open the judgment on the ground that it was not executed by her. It was further represented that the only agreement or obligation entered into by the defendant was the making of a contract in writing with Improve-Your Home System to do a certain amount of repairing and rebuilding at a cost of $1,071 in connection with the improvement of a house owned by the defendant. This contract was entered into in writing September 21, 1927, and is quite general in its terms, with the exception that four-ply slag roof was to be used on the structure. The quality of the material to be used was not specified, no reference was made to the character of the work to be done, nor was any time stated within which it was to be completed. It was shown by the evidence that the work was done in a very unworkmanlike manner, and with defective material, by reason of which the defendant would be put to a charge of at least $398 in completing the work.

In reply to the defendant's evidence a paper apparently without date was introduced purporting to be signed by the defendant in which she certified, acknowledged and declared that she had no defense, charge, claim or demand, plea or set-off whatever, in law or equity to make against the above mentioned contract, and that the full amount of the said contract was still due. This paper was presented with a letter dated October 10, 1927, signed by Improve Your Home System in which the latter requested the defendant to state whether the alterations and additions to her

property had been fully completed and whether the work was entirely satisfactory. The defendant denied that she had signed this paper or had seen it and stated that the work was not completed until November 10th. She was contradicted in this by two representatives of the Improve Your Home System. The use plaintiff took an assignment of the judgment at a discount. No inquiry was made by it of the defendant with respect to any defense to the judgment she might have. The judges of the court below were of the opinion that on the whole evidence the judgment should be opened to permit the defendant to show there was default on the part of the plaintiff in performing the contract in a skillful and workmanlike manner, with respect to all of the claim except the sum of $673 and interest and commissions thereon. A's there is strongly contradictory evidence with respect to the merits of the plaintiff's claim, the court was within the proper exercise of its discretion in giving the defendant an opportunity to present the facts to a jury. It is noticeable that the note alleged to have been given was payable in advance for all the work to be done by Improve Your Home System, as it was made due one day after date, and was given before the work was commenced. The improbability that this defendant would enter into such a contract suggests the propriety of a trial by a jury. The action of the court below is sustained. The appeal is dismissed at the cost of appellant.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.